UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
THE ANNUITY, WELFARE AND APPRENTICESHIP
SKILL IMPROVEMENT & SAFETY FUNDS OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15, 15A, 15C & 15D, AFL-CIO, BY THEIR
TRUSTEES JAMES T. CALLAHAN, THOMAS A.
CALLAHAN, MICHAEL SALGO and DENISE M.
RICHARDSON, CENTRAL PENSION FUND OF THE
INTERNATIONAL UNION OF OPERATING ENGINEERS,
BY ITS CHIEF EXECUTIVE OFFICER MICHAEL A.
CRABTREE, and INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO BY
ITS PRESIDENT & BUSINESS MANAGER THOMAS
A. CALLAHAN,

**COMPLAINT**

CV-18-862

                    Plaintiffs,

    -against-

DIMENSION DEVELOPMENT CORP. and DIMENSION
DEVELOPMENT LAND SURVEYING, D.P.C.,

                    Defendants.
———————————————————————X

Plaintiffs THE ANNUITY, WELFARE AND APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15 TRUST FUNDS"), CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS ("CPF") and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15C & 15D, AFL-CIO ("LOCAL 15"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to recover

fringe benefit contributions owed to employee fringe benefit trust funds and supplemental union dues and political action committee payments owed to a labor organization based upon the breach of the terms and conditions of two (2) collective bargaining agreements as well as one (1) Defendant's status as the successor in interest to the other Defendant.

## JURISDICTION

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Eastern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, the Plaintiff Trust Funds are administered from an office, and Plaintiff LOCAL 15 maintains its principal office, both at 44-40 11th Street located in Long Island City, County of Queens, State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 15 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.

5. JAMES T. CALLAHAN, THOMAS A. CALLAHAN, MICHAEL SALGO and DENISE M. RICHARDSON are Trustees of Plaintiffs LOCAL 15 TRUST FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The LOCAL 15 ANNUITY FUND is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

7. The LOCAL 15 WELFARE and APPRENTICESHIP SKILL IMPROVEMENT & SAFETY FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical, medical reimbursement, vacation, skill improvement and other benefits to eligible participants.

8. Plaintiff LOCAL 15 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Plaintiff CPF is a joint trustee fund established by a trust indenture pursuant to Section 302 of the LMRA, 29 U.S.C. § 186 which maintains its principal place of business at 4115 Chesapeake Street, N.W. in Washington, DC.

10. MICHAEL A. CRABTREE is the Chief Executive Officer of Plaintiff CPF and is a "fiduciary" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

11. Plaintiff CPF is an employee pension benefit plan within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

12. Plaintiff CPF constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

13. Plaintiff LOCAL 15 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152.

14. THOMAS A. CALLAHAN is the President & Business Manager of Plaintiff LOCAL 15.

15. Upon information and belief, Defendant DIMENSION DEVELOPMENT CORP. ("DIMENSION") was a New York corporation with its principal place of business at 36-30 37th Street, Long Island City, New York.

16. Upon information and belief, Defendant DIMENSION was a foreign corporation duly licensed to do business in the State of New York.

17. Upon information and belief, Defendant DIMENSION was a foreign corporation doing business in the State of New York.

18. Upon information and belief, Defendant DIMENSION was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

19. Upon information and belief, Defendant DIMENSION DEVELOPMENT LAND SURVEYING, D.P.C. ("DIMENSION SURVEYING") was and still is a New York corporation with its principal place of business at 36-30 37th Street, Long Island City, New York.

20. Upon information and belief, Defendant DIMENSION SURVEYING was and still is a foreign corporation duly licensed to do business in the State of New York.

21. Upon information and belief, Defendant DIMENSION SURVEYING was and still is a foreign corporation doing business in the State of New York.

22. Upon information and belief, Defendant DIMENSION SURVEYING is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

23. Upon information and belief, Defendant DIMENSION was incorporated with the New York State Department of State's Division of Corporations on January 8, 2004.

24. Upon information and belief, and for all times relevant hereto, Winston Williams served as the Chief Executive Officer of Defendant DIMENSION.

25. On July 1, 2013, Defendant DIMENSION entered into a collective bargaining agreement with Plaintiff LOCAL 15 which covered the period of July 1, 2013 through June 30, 2017 and which provided for the terms and conditions of employment for surveyors employed by said Defendant and represented by Plaintiff LOCAL 15 (hereinafter referred to as the "Local 15/ Dimension Agreement"). Chief Executive Officer Winston Williams executed the collective bargaining agreement on behalf of Defendant DIMENSION.

26. Pursuant to the terms of the Local 15/Dimension Agreement, Defendant DIMENSION was obligated to remit, at specified rates, contributions to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF based upon each straight and overtime hour of worked performed by those employees covered by the agreement.

27. Pursuant to the terms of the Local 15/Dimension Agreement, Defendant DIMENSION was obligated to remit, at specified rates, employee allocated supplemental union dues and political action committee payments to Plaintiff LOCAL 15 based upon each straight and overtime hour of work performed by those employees covered by the agreement.

28. In addition thereto, the Local 15/Dimension Agreement provides at Article XIV, Section 3, that "[I]f and when the Employer shall perform work covered by this Agreement within the geographical areas of this Agreement under its own name or under the name of another as a corporation, company, partnership or any other business entity, including a joint venture, wherein the Employer (including its officers, directors, owners, partners or stockholders), exercises either directly or indirectly any significant degree of ownership, management or control, the terms and conditions of this Agreement shall be applicable to all such work."

29. Upon information and belief, Defendant DIMENSION filed a notice of dissolution with the New York State Department of State's Division of Corporations on June 20, 2016.

30. Upon information and belief, Defendant DIMENSION SURVEYING was incorporated with the New York State Department of State's Division of Corporations on August 23, 2013.

31. Upon information and belief, and for all times relevant hereto, Winston Williams has served as the Chief Executive Officer of Defendant DIMENSION.

32. On or about July 29, 2014, Defendant DIMENSION SURVEYING entered into a collective bargaining agreement with Plaintiff LOCAL 15 which covered the period of July 29, 2014 through June 30, 2017 and which provided for the terms and conditions of employment for surveyors employed by said Defendant and represented by Plaintiff LOCAL 15 (hereinafter referred to as the "Local 15/Dimension Surveying Agreement"). Chief Executive Officer Winston Williams executed the collective bargaining agreement on behalf of Defendant DIMENSION SURVEYING.

33. The terms and conditions of the Local 15/Dimension Surveying Agreement are identical to the terms and conditions of the Local 15/Dimension Agreement with both documents being entitled "City Surveyors and Consulting Engineers Agreement."

34. Pursuant to the terms of the Local 15/Dimension Surveying Agreement, Defendant DIMENSION SURVEYING was obligated to remit, at specified rates, contributions to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF based upon each straight and overtime hour of worked performed by those employees covered by the agreement.

35. Pursuant to the terms of the Local 15/Dimension Surveying Agreement, Defendant DIMENSION SURVEYING was obligated to remit, at specified rates, employee allocated supplemental union dues and political action committee payments to Plaintiff LOCAL 15 based upon each straight and overtime hour of work performed by those employees covered by the agreement.

36. In addition thereto, the Local 15/Dimension Surveying Agreement provides at Article XIV, Section 3, that "[I]f and when the Employer shall perform work covered by this Agreement within the geographical areas of this Agreement under its own name or under the name of another as a corporation, company, partnership or any other business entity, including a joint venture, wherein the Employer (including its officers, directors, owners, partners or stockholders), exercises either directly or indirectly any significant degree of ownership, management or control, the terms and conditions of this Agreement shall be applicable to all such work."

37. For all times relevant hereto, Winston Williams who had previously served as the Chief Executive Officer for Defendant DIMENSION, has served in that same capacity on behalf of Defendant DIMENSION SURVEYING.

38. For all times relevant hereto, Defendant DIMENSION SURVEYING has operated from the same address previously utilized by Defendant DIMENSION, namely, 36-30 37th Street, Long Island City, New York.

39. For all times relevant hereto, as evidenced by the execution of the Local 15/Dimension Surveying Agreement, Defendant DIMENSION SURVEYING continued the operations of a surveying company as previously performed by Defendant DIMENSION under the Local 15/Dimension Agreement.

40. For all times relevant hereto, Defendant DIMENSION SURVEYING continued to employ the same surveyors as had been previously employed by Defendant DIMENSION.

41. As detailed hereafter, Defendant DIMENSION SURVEYING was in possession of the payroll and tax records for Defendant DIMENSION and made them available to Plaintiffs' auditors for the performance of the procedures which resulted in the reports that serve as the basis for this action.

42. Upon information and belief, Defendant DIMENSION SURVEYING is the successor in interest to Defendant DIMENSION.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF LOCAL 15/DIMENSION AGREEMENT)

43. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 42 inclusive with the same force and effect as though more fully set forth at length herein.

44. In accordance with the Local 15/Dimension Agreement and the Trust Agreements establishing Plaintiffs LOCAL 15 TRUST FUNDS, Defendants DIMENSION and DIMENSION SURVEYING consented to the performance of an audit of the books and records of Defendant DIMENSION to determine whether said Defendants had made all of the required fringe benefit contribution payments to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF as well as all supplemental union dues and political action committee payments to Plaintiff LOCAL 15 in accordance with the Local 15/Dimension Agreement for the period of July 1, 2013 through March 31, 2015.

45. That on or about January 11, 2018, the results of said audit were detailed by the auditor for Plaintiffs in a report which determined that Defendant DIMENSION had failed to provide the contractually required fringe benefit contributions with interest along with the

required supplemental union dues and political action committee payments for the period of July 1, 2013 through March 31, 2015 in the amount of $29,945.81.

46. As the successor in interest to Defendant DIMENSION, Defendant DIMENSION SURVEYING is also responsible for payment of the contractually required fringe benefit contributions with interest along with the required supplemental union dues and political action committee payments for the period of July 1, 2013 through March 31, 2015 in the amount of $29,945.81.

47. Defendant DIMENSION has failed to pay any portion of the outstanding amount owed in fringe benefit contributions with interest to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of $28,285.70.

48. As the successor in interest to Defendant DIMENSION, Defendant DIMENSION SURVEYING is also responsible for payment of the outstanding amount owed in fringe benefit contributions with interest to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of $28,285.70.

49. Defendant DIMENSION has failed to pay any portion of the outstanding amount owed in supplemental union dues and political action committee payments to Plaintiff LOCAL 15 in the amount of $1,660.11.

50. As the successor in interest to Defendant DIMENSION, Defendant DIMENSION SURVEYING is also responsible for payment of the outstanding amount owed in supplemental union dues and political action committee payments to Plaintiff LOCAL 15 in the amount of $1,660.11.

51. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Local 15/Dimension Agreement by Defendant DIMENSION, said Defendant

along with its successor in interest Defendant DIMENSION SURVEYING, are jointly and severally liable to Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15, collectively, in the amount of $29,945.81.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF ERISA OBLIGATIONS BY
## <u>DEFENDANTS DIMENSION AND DIMENSION SURVEYING)</u>

52. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 51 inclusive with the same force and effect as though more fully set forth at length herein.

53. The failure of Defendant DIMENSION to make the required fringe benefit contribution payments to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF for the period audited of July 1, 2013 through March 31, 2015 in the amount of $28,285.70 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

54. As the successor in interest to Defendant DIMENSION, Defendant DIMENSION SURVEYING is also responsible for the payment to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF for the period audited of July 1, 2013 through March 31, 2015 in the amount of $28,285.70 due to the violation of Section 515 of ERISA, 29 U.S.C. § 1145.

55. Defendants DIMENSION and DIMENSION SURVEYING remain delinquent in remitting the proper amount owed in fringe benefit contributions and have failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF as detailed above.

56. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditor's fees, if any; and (f) the costs and disbursements of the action.

57. Accordingly, as a direct and proximate result of the breach of the Local 15/ Dimension Agreement by Defendant DIMENSION and Defendant DIMENSION SURVEYING, as the successor in interest to Defendant DIMENSION, and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendants are jointly and severally liable to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of $28,285.70, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, liquidated damages, reasonable attorneys' fees, auditor's fees, if any, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

### AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF LOCAL 15/DIMENSION SURVEYING AGREEMENT)

58. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 57 inclusive with the same force and effect as though more fully set forth at length herein.

59. In accordance with the Local 15/Dimension Surveying Agreement and the Trust Agreements establishing Plaintiffs LOCAL 15 TRUST FUNDS, Defendant DIMENSION SURVEYING consented to the performance of an audit of its books and records to determine whether said Defendant had made all of the required fringe benefit contribution payments to

Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF as well as all supplemental union dues and political action committee payments to Plaintiff LOCAL 15 in accordance with the Local 15/Dimension Surveying Agreement for the period of July 29, 2014 through June 30, 2016.

60. That on or about January 11, 2018, the results of said audit were detailed by the auditor for Plaintiffs in a report which determined that Defendant DIMENSION SURVEYING had failed to provide the contractually required fringe benefit contributions with interest along with the required supplemental union dues and political action committee payments for the period of July 29, 2014 through June 30, 2016 in the amount of $52,213.42.

61. Defendant DIMENSION SURVEYING has failed to pay any portion of the outstanding amount owed in fringe benefit contributions with interest to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of $48,974.23.

62. Defendant DIMENSION SURVEYING has failed to pay any portion of the outstanding amount owed in supplemental union dues and political action committee payments to Plaintiff LOCAL 15 in the amount of $3,239.19.

63. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Local 15/Dimension Surveying Agreement by Defendant DIMENSION SURVEYING, said Defendant is liable to Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15, collectively, in the amount of $52,213.42.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS BY DEFENDANT DIMENSION SURVEYING)

64. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 63 inclusive with the same force and effect as though more fully set forth at length herein.

65. The failure of Defendant DIMENSION SURVEYING to make the required fringe benefit contribution payments to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF for the period audited of July 29, 2014 through June 30, 2016 in the amount of $48,974.23 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

66. Defendant DIMENSION SURVEYING remains delinquent in remitting the proper amount owed in fringe benefit contributions and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF as detailed above.

67. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditor's fees, if any; and (f) the costs and disbursements of the action.

68. Accordingly, as a direct and proximate result of the breach of the Local 15/ Dimension Surveying Agreement by Defendant DIMENSION SURVEYING and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 15 TRUST FUNDS and Plaintiff CPF in the amount of $48,974.23, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing,

liquidated damages, reasonable attorneys' fees, auditor's fees, if any, and the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15 demand judgment on the First Cause of Action as follows:

1. Of Defendants DIMENSION DEVELOPMENT CORP. and DIMENSION DEVELOPMENT LAND SURVEYING, D.P.C., jointly and severally, in the amount of contributions with interest along with supplemental union dues and political action committee payments totaling $29,945.81.

**WHEREFORE**, Plaintiffs LOCAL 15 TRUST FUNDS and CPF demand judgment on the Second Cause of Action as follows:

1. Of Defendants DIMENSION DEVELOPMENT CORP. and DIMENSION DEVELOPMENT LAND SURVEYING, D.P.C., jointly and severally, in the amount of contributions with interest totaling $28,285.70, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

   c. Attorneys' fees, auditor's fees, if any, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

   d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs LOCAL 15 TRUST FUNDS, CPF and LOCAL 15 demand judgment on the Third Cause of Action as follows:

1. Of Defendant DIMENSION DEVELOPMENT LAND SURVEYING, D.P.C. in the amount of contributions with interest along with supplemental union dues and political action committee payments totaling $52,213.42.

**WHEREFORE**, Plaintiffs LOCAL 15 TRUST FUNDS and CPF demand judgment on the Fourth Cause of Action as follows:

1. Of Defendant DIMENSION DEVELOPMENT LAND SURVEYING, D.P.C. in the amount of contributions with interest totaling $48,974.23, together with:

   a. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

   b. Liquidated damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

   c. Attorneys' fees, auditor's fees, if any, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

   d. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
February 8, 2018

Yours, etc.

BRADY McGUIRE & STEINBERG, P.C.

By: *(signature)*
James M. Steinberg (JS-3515)
Attorneys for Plaintiffs *I.U.O.E. Local 15 Trust Funds, CPF & I.U.O.E. Local 15*
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293